MONROE COUNTY.—HON. J. A. ADLINGTON, SURRO-GATE.—March, 1885.

### PULLMAN *v.* WILLETS.

*In the matter of the judicial settlement of the account of* ABEL WILLETS, *as administrator of the estate of* MANUEL WILLETS, *deceased.*

An executor or administrator will not, in an ordinary case, be allowed credit for counsel fees paid for professional assistance in preparing an

inventory of the personal property of the estate, the statute contemplating that he and the appraisers will prove equal to that emergency. Nor can he charge his decedent's estate for the use of his own horse, on journeys made while transacting business appertaining to the administration, nor for food furnished, by himself, for himself or beast; though *semble contra*, if he should hire a hack or dine at an inn.

HEARING of objection to account of administrator of decedent's estate, in proceedings for judicial settlement.

J. N. BECKLEY, *for administrator.*

W. C. ROWLEY, *for Mrs. Pullman.*

W. D. SHUART, *for Walter Gage.*

THE SURROGATE.—Objection is made to the allowance of an item of $120, paid to J. H. Chadsey for legal services. It appears from the evidence that the services in question were rendered by the attorney at the time of taking the inventory, and also that he instituted proceedings under Code Civ. Pro., ch. 18, tit. 4, art. 1, to discover property which the administrator claimed belonged to the estate but was withheld from him by Mrs. Pullman.

The charge made by Mr. Chadsey for his services seems to be reasonable, considering the time spent by him in the performance thereof. The administrator, having employed him to do professional work in his behalf, became personally liable to pay for the same (Gilman v. Gilman, 6 *T. & C.*, 214), but whether or not, having paid Mr. Chadsey's claim, he is entitled to have the same allowed to him out of this estate depends upon entirely different considerations.

2 R. S., 93, § 58, as amended by L. 1863, ch. 362,

provides that "such allowance shall be made (to administrators) for their *actual and necessary* expenses as shall appear just and reasonable." Before it is proper, therefore, to allow expenses even actually incurred, it should appear that they were necessary, and also just and reasonable. In the present instance I can see no reason or necessity for the employment of an attorney to assist in making the inventory. The court appoints intelligent and competent men as appraisers, and they should seldom, if ever, require the presence and advice of legal counsel in the performance of their duty. I must, therefore, disallow $20 of this claim. The remainder of the service, though fruitless, was perhaps, under the circumstances, necessary to protect the administrator from the charge of neglect of duty.

A second objection is raised to charges amounting to $105.25, made by the administrator against the estate for the use of his own horse and carriage in going to and from his own home to the city of Rochester and other places, upon alleged business of the estate, and for food for himself and horse during such journeys. This objection must be sustained. It cannot be said strictly that the use of his own horse is an *actual expense* incurred by the administrator; and he would be quite likely to have different views of the necessity of making frequent journeys when he was to be paid for the use of his own horse in making them from what he would have if the money for such travel was to be paid to another. This is well illustrated in the present case. The estate was less than $5,000, consisting chiefly of notes, bonds, and

mortgages, and yet the estate is charged with the use of a horse and carriage for about fifty days.   This is an unreasonable and excessive charge, in my view. The authorities are strongly against such a claim.   An executor who is an attorney, and renders valuable legal services to the estate, can only be allowed the statutory commissions, and can receive nothing for his professional services, however meritorious or extraordinary they may have been (Collier v. Munn, 41 *N. Y.*, 143 ;   Campbell v. Purdy, 5 *Redf.*, 434). The guardian of a minor cannot be allowed any compensation, beyond statutory commissions, for services to the estate, not even for his personal services as a mechanic in making repairs to buildings on the estate (Morgan v. Hannas, 13 *Abb. N. S.*, 361). Judge FOLGER says, in the opinion in that case, that the guardian should not be led into temptation to do anything for the mere sake of the compensation to accrue thereby.

An executor or administrator " can only charge the legal commissions and his just expenses. . . . . . He cannot charge for the hire of a horse when he drives his own, although he may charge for such hire when actually paid, or fare paid in a public conveyance.   He cannot charge for board, when he dines at home or with a friend, although he may charge for board actually paid when from home on the business of the estate " (McClellan's Ex'r, 2nd ed., 106 ;   Everts v. Everts, 62 *Barb.*, 581).   " The policy of the law, it is apprehended, is against such a charge " (Dayton's Surr., 540).

The administrator, in the present case, carried din-

ner for himself and food for his horse with him on many of his journeys, and the evidence does not disclose what amount was actually expended for such entertainment, and there is, therefore, no basis for an allowance.

\*　　\*　　\*　　\*　　\*　　\*　　\*

A decree may be entered in accordance herewith.